TEXAS & PACIFIC RAILWAY COMPANY v. M. M. TERRY, JR.

Decided October 13, 1906.

**1.—Improper Testimony—Bill of Exception.**

When the bill of exception fails to show what objection was made to the admission of testimony an assignment of error based thereon can not be considered.

**2.—Improper Argument—Error.**

When the evidence is conflicting improper statements of counsel for plaintiff in his closing argument, duly excepted to, constitute reversible error.

Appeal from the County Court of Callahan County.    Tried below before Hon. I. N. Jackson.

*F. S. Bell,* for appellant.

*John W. Wood,* for appellee

STEPHENS, ASSOCIATE JUSTICE.—Injury to a car of horses carried from Barstow to Baird, due to the condition of the car and to rough handling, was the ground of recovery.

Error is first assigned to the admission of appellee's testimony, that he had been offered ten dollars per head for the horses in their injured condition, but the bill of exceptions fails to show what objection was made to this testimony, and the assignment must therefore be overruled. That such testimony is generally inadmissible, see Texas & Pac. Ry. v. Randle, 44 S. W. Rep., 603.

The court permitted counsel for appellee in his closing argument, over the objection of appellant, and to which error is assigned, to use the following language: "You know how these railroad men testify, they always swear that the shipments were handled carefully." "Did you ever hear a railroad man testify that the shipments were roughly handled —No—Why? Because they do not want to be censured." "You doubtless have seen several of the railroad men in the court room, who know about the condition of the car and why did they not put them on the stand." "They were doubtless railroad inspectors who inspected this car, and if the condition of the car was not as our witness Holden stated— why did they not prove it to the contrary." The cases are now numerous in which judgments have been reversed by this court on account of similar arguments, and on the authority of these cases, which need not be cited, this judgment must be reversed, the evidence being conflicting.

In view of another trial, we call attention to the fact that the defects in the car described by witness Holden, referred to in the argument, were not alleged as a ground of recovery in the petition, and for this reason also the argument was inadmissible.

*Reversed and remanded.*